FILED
CLERK, U.S. DISTRICT COURT

MAY 1 2 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1  PAUL B. BEACH, State Bar No. 166265
   DENNIS M. GONZALES, State Bar No. 59414
2  RAYMOND W. SAKAI, State Bar No. 193507
   ARNOLD F. LEE, State Bar No. 278610
3  alee@lbaclaw.com
   CARMEN M. AGUADO, State Bar No. 291941
4  caguado@lbaclaw.com
   LAWRENCE BEACH ALLEN & CHOI, PC
5  100 West Broadway, Suite 1200
   Glendale, California 91210-1219
6  Telephone No. (818) 545-1925
   Facsimile No. (818) 545-1937
7
   Attorneys for Defendant
8  City of Santa Maria, Salvador Guerra,
   Chris Green, Jeffrey Lopez, and Marc Schneider
9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  CONNIE MASCARENAS,              ) Case No. CV 15-05308 DMG (FFM)
                                    )
14              Plaintiff,          ) Hon. Frederick F. Mumm
                                    )
15      vs.                         ) [PROPOSED] ORDER
                                    ) GOVERNING CONFIDENTIAL
16  CITY OF SANTA MARIA,            ) INFORMATION
                                    )
17  ALONSO CURIEL,                  )
    THOMAS JORDE,                   )    NOTE CHANGES MADE BY THE COURT
18  SHEFFER FAMILY TRUST,           )
19  GEARY SHEFFER,                  )
    HYON SHEFFER, SALVADOR          )
20  GUERRA, RYAN ZIERMAN,           )
21  CHRIS GREEN, JEFFREY LOPEZ,     )
    MARC SCHNEIDER, and DOES 1      )
22  to 10, inclusive,               )
                                    )
23                                  )
24              Defendants.         )
                                    )
25  ─────────────────────────────────

26      Having reviewed and considered the Parties' Stipulation for Protective

27  Order Governing Confidential Information Produced During Discovery, good

28  cause showing therein, IT IS SO ORDERED:

                                    1

1.   <u>Plaintiff</u>.  Plaintiff is Connie Mascarenas (hereinafter "Plaintiff").

2.   <u>Defendants</u>.  Defendants are City of Santa Maria, Salvador Guerra, Chris Green, Jeffrey Lopez, and Marc Schneider (hereinafter "Defendant City"). Additionally, Alonso Curiel, Thomas Jorde, Sheffer Family Trust, Geary Sheffer, and Hyon Sheffer are also defendants in this action and, hereinafter, collectively "Defendant Landlords" (Plaintiff, Defendant City, and Defendant Landlords are collectively referred to hereinafter as "the Parties").

3.   <u>Disclosing Party</u>.  Disclosing Party shall refer to Defendant City of Santa Maria.

4.   <u>Receiving Party</u>.  The Receiving Parties are Plaintiff, Defendant Landlords, and their respective agents as set forth in Paragraph Nos. 17 and 18 of this Protective Order.

5.   <u>Case Summary</u>.  This case arises from Plaintiff's allegations that she was wrongfully evicted by Defendants.

6.   <u>Good Cause Statement and Confidential Materials.</u>  Defendant City anticipates that during discovery in this action it will exchange documents, items, or materials and other information that contains sensitive and confidential information that derives actual or potential value from not being generally known to the public and are the subject of reasonable efforts to maintain their confidentiality. Defendant City believes, in good faith, that these documents and/or writings are protected by the Official Information Privilege, the right to privacy guaranteed in the Federal Constitution, the First Amendment and California Constitution, Article I, Section I, and various California Government, Penal, and Evidence Code sections, and thus protected from disclosure.  This will be accomplished by affixing to such document or writing a legend, such as "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Documents and writings so designated, hereinafter, collectively "Confidential Information", shall be treated in

2

1   accordance with the terms of this stipulation/protective order.  Documents,

2   writings and things to be designated as such, include the following:

3           a)      Any material relating to or regarding the personnel files and/or

4   records of any employee or former employee of the City of Santa Maria;

5           b)      Any material relating to incidents involving Plaintiff

6   containing sensitive and private information regarding third parties; and

7           c)      Any documents within the City of Santa Maria's Police

8   Department relating to or regarding Incident Nos.: 078303 and 079144.

9       7.      Interests In Favor Of Protective Order.  This Order is necessary to

10  expedite discovery, while maintaining confidential and private information of

11  Defendant City and third parties, and Defendant City believes it is necessary to

12  protect parties or persons from annoyance, embarrassment, oppression, or undue

13  burden or expense.  Further, Defendant City contends disclosure of such

14  information without a protective order may compromise the safety of Defendant

15  City, including its officers, directors, and employees, and third parties.

16      8.      Stipulation.  The Parties are entering into this Stipulation for

17  Protective Order to protect against any improper disclosure or risk of

18  circumvention of law that might result from disclosure of sensitive and

19  confidential information as described in this Order.  To informally resolve this

20  discovery matter, the Parties have agreed to this Stipulation for Protective Order

21  that carefully limits the use and dissemination of the Confidential Information.

22      9.      Confidential Information.  This Protective Order shall apply to all

23  Confidential Information produced by Disclosing Party to the Receiving Party.

24  The Confidential Information may be contained in originals and copies of

25  relevant interrogatory responses obtained from Disclosing Party in this matter;

26  originals and copies of relevant documents responsive to requests for production

27  of documents obtained from the Disclosing Party in this matter; and originals and

28  copies of transcripts, video recordings, and audio recordings of any deposition

3

1   taken in this matter during which the Confidential Information is used,
2   mentioned, reviewed, discussed, and/or referred to.  The Confidential Information
3   shall be subject to this Protective Order as follows:

4        10.   Storage Of Confidential Information.  Immediately upon production
5   by the Disclosing Party, attorneys for the Receiving Party shall personally secure
6   and maintain the Confidential Information in their possession.  The Confidential
7   Information shall not, under any circumstances, be left in an open or unsecured
8   location where unauthorized persons (such as unauthorized employees of counsel,
9   cleaning personnel, etc.) might have access to them.

10       11.   Confidential Information Legend.  All documents containing
11  Confidential Information shall be stamped "CONFIDENTIAL" or
12  "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar
13  effect.  Such stamp shall not obscure the document.

14       12.   Limitation Of Use Of Confidential Information.  Attorneys for the
15  Receiving Party shall not cause or knowingly permit disclosure of the contents of
16  the Confidential Information, in any manner, including orally, beyond the
17  disclosure permitted under the terms and conditions of this Order.  Any such
18  disclosure shall be construed as a violation of this Order, except when used for
19  purposes of this litigation as described in Paragraph Nos. 15 and 16 of this
20  Protective Order.

21       13.   Testimony Regarding The Confidential Information.  In the case of
22  depositions, any party may designate all or any portion of the deposition
23  testimony given in this litigation as Confidential Information orally during the
24  deposition.  Any questions intended to elicit testimony regarding the contents of
25  the Confidential Information shall be conducted only in the presence of persons
26  authorized to review the Confidential Information as provided in this Order.  The
27  Parties may be present for any such testimony.  Any deposition transcript
28  containing such questions and testimony shall be subject to the same protections

4

1   and precautions applicable to the Confidential Information.

2       14.   Inadvertent Disclosure.  If the Disclosing Party inadvertently

3   produces any Confidential Information without designating it as such, it may be

4   remedied by (1) promptly notifying the other parties of the error; and (2)

5   providing a substitute copy of the Confidential Information with a proper legend.

6   In that event, the Receiving Parties who have obtained inadvertently produced

7   undesignated Confidential Information will: (1) return the previously produced

8   Confidential Information and destroy all copies thereof; and (2) if the Receiving

9   Party has already disseminated the Confidential Information to any person, the

10  Receiving Party will notify all such persons the information was disseminated to

11  the Confidential Information in writing of the need to return such Confidential

12  Information and not to further disseminate it.  This provision applies to any and

13  all Confidential Information produced to the Receiving Party.

14      15.   Limitations On The Non-Litigation Use Of Confidential

15  Information.  The confidentiality of the Confidential Information received from

16  Defendant City during discovery in this action shall be maintained, and all

17  Confidential Information exchanged will be used solely for the litigation of this

18  action entitled.  Specifically, the Receiving Party may not use such documents,

19  records, or other information (or the contents thereof) for any other purpose,

20  including use as background material, or for inclusion in books, magazines,

21  newspapers, or other publications.  The Receiving Party is prohibited from

22  placing any of the Confidential Information on the Internet.

23      16.   Court Filings.  If necessary in the judgment of attorneys for

24  Receiving Party, said attorneys may show or reveal the contents of the

25  Confidential Information to the court only pursuant to Local Rule 79-5 or Ninth

26  Circuit Rule 27-13.  Receiving Party will inform the Court and Parties of any

27  Confidential Information it intends to present during trial so appropriate measure

28  may be considered by the Court that may be necessary to protect the Confidential

1  Information.  Receiving Party's presentation of Confidential Information during
2  trial will not require compliance with the written consent as set forth in Paragraph
3  No. 18 below, and comply with the provisions of that section.  This Stipulation
4  shall not be used to restrict or prevent a party from introducing evidence at trial
5  that would otherwise be admissible.

6      17.    Other Persons Authorized To Review Confidential Information.  The
7  Receiving Parties' attorneys of record may be permitted to see originals and
8  obtain copies of the Confidential Information covered by this Order.  Also,
9  Defendants, including the City's officers, directors, employees, and experts
10  thereof may be permitted to review the Confidential Information.  Additionally,
11  paralegals, secretaries, expert witnesses, and other individuals and entities that
12  may be employed or retained by the Receiving Party to assist in the preparation
13  and/or the litigation of this action may be permitted to see originals and obtain
14  copies of the Confidential Information covered by this Order, provided such
15  experts and employees have first executed the written statement set forth in
16  Paragraph No. 18 below, and comply with the provisions of that section.  The
17  Parties' attorneys may review the Confidential Information with the Parties they
18  represent.

19      18.    Applicability Of Order To Other Persons.  Prior to the disclosure of
20  any Confidential Information to any person described above, attorneys for the
21  Receiving Party who seeks to use or disclose such Confidential Information shall
22  first provide any such person with a copy of this Order, and shall cause him or her
23  to execute the following acknowledgment:

24      "I, _____, declare and affirm that
25      I am fully familiar with the terms of the Stipulated Protective
26      Order entered in this action and hereby agree to comply with
27      and be bound by the terms and conditions of the said Order
28      with respect to the handling, use and disclosure of each

6

Confidential Document.  I understand that I may be subject to penalties for contempt of Court if I violate this Order and hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated:  _____ /s/_____ "

This written requirement applies to, but is not limited to, expert witnesses and other individuals and entities that may be employed or retained by the Receiving Party's counsel to assist in the preparation and/or the litigation of this action.  The Receiving Party shall be responsible for maintaining the signed original of each such written statement until the conclusion of these proceedings, including any appeal.  Counsel for Receiving Parties shall insure that their office staff, including, but not limited to, paralegals and secretaries, shall be made aware of their obligations under this protective order.

19.   <u>No waiver of objections.</u>  Nothing in this Stipulation and Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or testimony or liability for payment of any costs of production or reproduction of documents.  This Order also does not constitute a waiver by any party of any right to object to discovery or admission into evidence of any document, record, testimony or other information that is subject to this Order.  Nor does Defendant City waive any privileges, including, but not limited to, the investigatory files or official information privileges, *see, e.g., Weiner v. FBI*, 943 F.2d 972, 985 (9th Cir. 1991), or *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992), by entering into this order.

20.   <u>Subpoena for Confidential Information.</u>  In the event that the Receiving Party receives a subpoena, discovery request, or other legal process seeking production of Confidential Information, the Receiving Party must give prompt written notice to the Disclosing Party.  The Receiving Party shall inform

7

1   the person or entity seeking the information of the existence of this Stipulation

2   and Order and shall not produce the Confidential Information prior to the date

3   specified for production in the subpoena, discovery request, or other legal process

4   in order to give the Disclosing Party time to file a motion for a protective order or

5   to quash the subpoena, request, or process.

6       21.   Modification.   For good cause, any party may seek a modification of

7   this Order, first by attempting to obtain the consent of the other parties to such

8   modification, and then, absent consent, by application to this Court.

9       22.   Return of Confidential Information.   No more than thirty (30)

10  calendar days after the conclusion of this case the Receiving Party and every

11  other person and/or entity who received originals or copies of the Confidential

12  Information shall return all originals, copies of the Confidential Information, and

13  material derived therefrom, including, but not limited to, all log(s) of persons

14  authorized to review the protected documents and the written statement(s)

15  acknowledging the terms and provisions of this Order pursuant to Paragraph

16  No. 18 of this Order, to the Disclosing Party care of:

        Dennis M. Gonzales, Esq.
17      Raymond W. Sakai, Esq.
        Lawrence Beach Allen & Choi, PC
18      100 West Broadway, Suite 1200
19      Glendale, California 91210-1219

20  Alternatively, the Receiving Party and every other person and/or entity who

21  received originals or copies of the Confidential Information shall destroy all such

22  material and material derived therefrom within thirty (30) calendar days after the

23  conclusion of this case.  Additionally, within thirty (30) calendar days after the

24  conclusion of this case, and at the request of the Disclosing Party, counsel for the

25  Receiving Party shall send a signed copy of the "Certificate of Destruction"

26  attached hereto as Exhibit "A" confirming all Confidential Information has been

27  destroyed pursuant to this Protective Order. This case has concluded when (i) a

28  final judgment has been entered by the Court or the case has otherwise been

8

1  dismissed with prejudice; (ii) the time for any objection to or request for
2  reconsideration of such a judgment or dismissal has expired; (iii) all available
3  appeals have concluded or the time for such appeals has expired; (iv) any post
4  appeal proceedings have themselves concluded; and (v) after payment of monies
5  due, if any, to Plaintiff and/or her attorneys, whether via judgment, settlement or
6  otherwise.  The Parties understand that they have no control over documents in
7  possession of the District Court and Courts of Appeal.   The Receiving Party has
8  no obligation to obtain any such Confidential Information that was filed with the
9  court, or part of the trial of this matter, other than filing documents in compliance
10 with paragraph 16 or Confidential Information returned by the Courts(s).

11         23.   <u>Survivability Of This Protective Order.</u>  This Stipulation and
12 Protective Order shall survive the termination of this action, and the Court shall
13 retain jurisdiction to enforce it.

14

15 **IT IS SO ORDERED.**

16

17 DATED:   May 12, 2016            /S/FREDERICK F. MUMM

18                                          Frederick F. Mumm
                                      United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28

EXHIBIT A
## CERTIFICATE OF DESTRUCTION

I, _____, affirm as follows:

1.    On _____ [print or type date of destruction], I destroyed all originals or copies, including electronic copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information, and material derived therefrom, produced by Defendant City of Santa Maria to Receiving Party _____ [print or type name of Receiving Party] in the federal matter *Connie Mascarenas v. City of Santa Maria, et al.*, Case No. CV 15-05308 DMG (FFM) (C.D. Cal. filed July 30, 2015) pursuant to Paragraph No. 22 of the Stipulation for Protective Order and Order Governing Confidential Information.

2.    The Confidential Information destroyed includes all documents and writings so stamped "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or words of similar effect.  Documents, writings and things designated as Confidential Information include but are not limited to the following:

        a.  Any material relating to or regarding the personnel files and/or records of any employee or former employee of the City of Santa Maria;

        b.  Any material relating to incidents involving Plaintiff containing sensitive and private information regarding third parties; and

        c.  Any documents within the City of Santa Maria's Police Department relating to or regarding Incident Nos.:  078303 and 079144.

///
///

MASCARENAS\[Proposed] Order re Stipulation for Protective Order

3.      I hereby affirm _____ [print or type name of Receiving Party] has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information.

I declare and affirm under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Executed on _____, 201_, in _____, California.

_____

11

MASCARENAS\[Proposed] Order re Stipulation for Protective Order